PAINTER, J.,
dissenting.
| ]I respectfully dissent from the majority’s opinion the June 8, 2007 will of Robert Edwards, Sr. Was null and void for the decedent’s lack of comprehension (mental acuity) at the time of its execution. In affirming the trial court’s decision to find the will invalid, the majority finds no error in the admission of the testimony of Dr. James M. Anderson. Dr. Anderson performed a psychological autopsy of the decedent. This “autopsy” consisted of the review of medical records, the wills executed by the decedent and his widow, and the depositions of several witnesses including Mary Audrey Edwards, the decedent’s widow, and David Dwight, the attorney who prepared the will. The majority concludes Dr. Anderson’s testimony meets the requirements of La.Code of Evid. art. 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 118 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Therefore, the majority finds no abuse of the trial court’s discretion in the admission of Dr. Anderson’s testimony. I respectfully disagree.
While recognizing that the second circuit, in Succession of Pardue, 40,177, p. 7 (La.App. 2 Cir. 11/8/05), 915 So.2d 415, 421, writ denied, 06-125 (La.4/28/06), 927 So.2d 284, has found that the psychological autopsy method has been “described and validated in a number of peer reviewed *1241 psychiatric journals,” I do not share the opinion that Dr. Anderson’s review in this case was sufficient. Dr. Anderson himself testified that there are no established guidelines for the performance of a psychological autopsy. Furthermore, Dr. Anderson based his opinions on incomplete medical records which he admitted were inconsistent and did not speak to Mr. | gEdwards’ family or caregivers. Accordingly, I do not agree that Dr. Anderson’s testimony met the requirements of Dau-berl. Therefore, I would reverse the trial court’s ruling and find the will valid.